J-S45038-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADAM GUZMAN | : | |
| | : | |
| Appellant | : | No. 408 MDA 2024 |

Appeal from the Judgment of Sentence Entered January 8, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0000511-2023

BEFORE:  OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED: MARCH 13, 2025**

Adam Guzman appeals from the judgment of sentence entered following his convictions for accidents involving death while not properly licensed, driving while under the influence of a controlled substance, driving while operating privilege was suspended or revoked, driving vehicle at safe speed, and careless driving resulting in death.[1] Guzman's counsel filed an **_Anders_**[2] brief and petition to withdraw as counsel. We grant counsel's petition and affirm the judgment of sentence.

The trial court summarized the facts from trial as follows:

> In the present matter, the Commonwealth introduced [Guzman's] August 31, 2022, certified driver record from the Pennsylvania Department of Transportation.

---

[1] 75 Pa.C.S.A. §§ 3742.1(a)(2), 3802(d)(1)(i), 1543(a), 3361, and 3714(b), respectively.

[2] **_Anders v. California_**, 386 U.S. 738 (1967).

Pennsylvania State Trooper Matthew Hoke testified that [Guzman's] certified driver record reflected his driver's operating privilege was suspended and that [Guzman] did not have a valid driver's license on December 23, 2021. Trooper Hoke identified [Guzman] during the trial as the driver of a Dodge pickup truck that was involved in the motor vehicle accident on that date. Trooper Hoke testified that he observed a significantly damaged Subaru being tarped by EMS personnel as well as front end damage to [Guzman's] pickup truck on scene.

The Commonwealth called several eyewitnesses. Calvin Breiner testified that on December 23, 2021, he witnessed [Guzman] driving a pickup truck at a high rate of speed approximately six or seven car lengths away from a Subaru that was making a left hand turn. He witnessed [Guzman] hit the passenger side of the Subaru. Breiner got out of his vehicle and observed the decedent twitch a few times. Breiner saw [Guzman] exit the driver's side of the pickup truck. He identified [Guzman] during the trial. Bradley McAloose, who was driving in his own vehicle, offered similar testimony concerning his observations of [Guzman's] pickup truck striking the Subaru. McAloose likewise identified [Guzman] during trial as the driver of the pickup truck.

Retired Trooper Mario Pompei testified that he was dispatched to the motor vehicle accident on State Route 309 in Rush Township on December 23, 2021. Trooper Pompei described his observations of the accident scene. He interviewed witnesses on scene including Breiner and McAloose. He stated the Pennsylvania State Police Reconstruction Unit responded to the scene. Trooper Pompei identified [Guzman] as the operator of the pickup truck during the trial.

Schuylkill County Deputy Coroner Albert Barnes testified that he was dispatched to the accident scene on December 23, 2021. On scene, Barnes pronounced Carter Davison deceased due to blunt force trauma to the head, neck, and torso.

Trooper Benjamin Scott testified that he is employed by the Pennsylvania State Police CARS (Collision Analysis and Reconstruction Specialist) unit, as well as described his qualifications, training, and experience. The court

recognized Trooper Scott as an expert in accident reconstruction. Trooper Scott testified that he conducted his investigation and measurements on scene for approximately three hours. He described his measurements, diagram (Commonwealth Exhibit 4), mapping (Commonwealth Exhibit 5), and dynamics of both vehicles (Commonwealth Exhibit 6 and 7). Trooper Scott determined that [Guzman's] pickup truck was driving 68.13 miles per hour at the moment it impacted the decedent's car. He opined that [Guzman's] truck had been traveling at 82.6 miles per hour seconds prior to the collision. Within a reasonable degree of scientific certainty, Trooper Scott concluded that [Guzman's] speed was a contributing factor in causing the motor vehicle accident. He testified the crash would not have occurred had [Guzman] been driving the speed limit. He authenticated various photos and affirmed they accurately depicted the accident scene on December 23, 2021, reflecting heavy front-end damage to [Guzman's] pickup truck as well as heavy right side damage and intrusion into the Subaru occupant compartment. Trooper Scott testified that the decedent's action in turning his car in front of [Guzman's] truck was a contributing factor in the motor vehicle accident, but maintained that [Guzman's] speed was also a contributing factor, although not the sole cause, of the accident.

Trial Court Opinion, filed May 8, 2024, at 4-6 (citations to record omitted).

The jury found Guzman guilty of accidents involving death while not properly licensed, the court entered a stipulated guilty verdict to driving under the influence of controlled substance, and the court found Guzman guilty of driving while operating privilege suspended or revoked, driving vehicle at safe speed, and careless driving resulting in death. In January 2024, the court sentenced Guzman to an aggregate term of 9 to 23½ months' incarceration, plus fines and costs. Guzman appealed.[3]

---

[3] Guzman filed a motion for bail pending appeal. The court granted the motion and set bail in the amount of $300,000.

Guzman's counsel filed a petition to withdraw and an **Anders** brief. "When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). Prior to withdrawing pursuant **Anders**, counsel must file a brief that meets the requirements of **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Counsel must provide his client with a copy of the **Anders** brief. Counsel must also advise the client of the client's right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa.Super. 2014) (citation omitted). If counsel has satisfied these requirements, this Court must then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." **Commonwealth**

*v. Dempster*, 187 A.3d 266, 271 (Pa.Super. 2018) (*en banc*) (citation omitted) (emphasis removed).

Here, in the **Anders** brief, counsel provided a procedural and factual history of the case, with citations to the record, discussed the issue arguably supporting the appeal, and explained why counsel concluded the issue is frivolous. **Anders** Br. at 3-15. In his letter to Guzman, counsel stated that he enclosed a copy of the **Anders** brief and petition to withdraw and advised Guzman of his right to retain new counsel or act on his own behalf and raise additional points before this Court. Guzman did not submit a response to the **Anders** brief. Counsel has met **Santiago's** requirements. We therefore turn to whether the appeal is, as counsel alleges, wholly frivolous.

Counsel lists one issue in the **Anders** brief: "Is the verdict . . . contrary to law on Count I[?]" **Anders** Br. at 4.

This issue challenges the sufficiency of the evidence. When reviewing a sufficiency challenge, we "evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." **Commonwealth v. Sebolka**, 205 A.3d 329, 336-37 (Pa.Super. 2019) (citation omitted). Evidence is sufficient where the Commonwealth has proven each element of the crime beyond a reasonable doubt. **Id.** at 337. The Commonwealth may meet its burden "by means of wholly circumstantial evidence." **Id.** (citation omitted) Additionally, the fact finder "is free to believe all, part, or none of the evidence." **Id.** (quoting **Commonwealth v. Ramtahal**, 33 A.3d 602, 607 (Pa. 2011)).

The crime of accidents involving death or personal injury while not properly licensed is defined as:

> A person whose operating privilege was disqualified, canceled, recalled, revoked or suspended and not restored or who does not hold a valid driver's license and applicable endorsements for the type and class of vehicle being operated commits an offense under this section if the person was the driver of any vehicle and. . . acted with negligence that contributed to causing the accident resulting in injury or death of a person.

75 Pa.C.S.A. § 3742.1(a)(2).

Here, the Commonwealth offered evidence that Guzman's license was suspended at the time of the accident, and that he was driving his vehicle at an excessive rate of speed, more than 30 miles over the speed limit, such that he acted with negligence that contributed to causing an accident that resulted in death of a person. We agree with counsel that this sufficiency challenge is wholly frivolous.

Further, we have reviewed the record and conclude that there are no non-frivolous issues for appeal.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/13/2025

- 6 -